**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BRADWICK G. SIMMONS,

                Plaintiff,

v.                                                            CIVIL  ACTION  NO.  3:11-0559

KENTUCKY STATE POLICE COMMISSIONER
and KENTUCKY STATE POLICE,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Motion to Dismiss (ECF No. 5).  Plaintiff Simmons, a former Kentucky State Police ("KSP") trooper, brings this action pursuant to his termination by Defendant KSP in September 2009.  The bases for his claims are slightly unclear, and ultimately insufficient. For the reasons given in below, the Court **GRANTS** Defendants' Motion to Dismiss.

**1. Service**

Dismissal of this matter is warranted for several reasons.  As a gateway issue, Plaintiff failed to properly serve Defendants as required by Fed. R. Civ. P. 4.[1]  Plaintiff's attempts at service were riddled with errors.  First, there is no evidence that any attempt at all was made to serve one defendant, Commissioner Brewer.  The only attempt at service occurred when Plaintiff mailed the Complaint to one defendant, the KSP, at the KSP Office in Frankfort.  Second, the attempted service on the Frankfort KSP office was incorrect.  Mailing a copy of the Complaint to a KSP office does

---

[1] Service must be made within 120 days.  Fed. R. Civ. P. 4(m).  The Complaint was filed on August 17, 2011, and summons were issued on that date.  As of December 15, 2011, at least 120 days have passed.

not satisfy the requirement of Fed. R. Civ. P. 4(j)(2) that service on a state government be: a) delivered to the chief executive officer of a state agency; or b) served in compliance with that state's service laws.  Third, there is no evidence that a summons was included with the Complaint mailed to the Frankfort KSP office, the only identifiable attempt at service in this case.  "A summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Although it appears that a summons was requested in this case, *see* ECF No. 3, it was produced months before the mailing to the KSP-Frankfort office, and apparently not included in that mailing.  *See* Defs.' Mot. to Dismiss, ECF No. 5, Ex. 1.

Defendants identified these service errors and moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), but Plaintiff has not offered any meaningful response.  *See* Pl. Resp., ECF No. 7.  When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the Plaintiff has the burden of establishing that service has been effectuated in conformity with Rule 4.  *See Wolfe v. Green*, 660 F.Supp. 2d 738, 750 (S.D.W. Va. 2009) ("A motion for Rule 12(b)(5) is the appropriate means for challenging the manner of sufficiency of service of process.  The Plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4.").  Although a plaintiff may attempt to prolong a service period by showing "good cause" for an extension, Fed. R. Civ. P. 4(m), Plaintiff has not done so, despite being put on notice by Defendants' Motion to Dismiss that errors in service were at issue in this matter.  Further, even if Plaintiff succeeded in correcting service, the case would be dismissed for the following additional reasons.

## 2. Venue

First, venue is improper in this Court. It is unclear whether Plaintiff alleges jurisdiction under a diversity or a federal question theory. Regardless, under both the diversity and federal question statutes, 28 U.S.C. §§ 1391(a)-(b), venue is improper. The events giving rise to the action took place in Kentucky, the defendants are located in Kentucky, and at the time of the events in question, Plaintiff was required by Kentucky law, as a Kentucky State Police Trooper, to reside in Kentucky. Plaintiff does not argue that he lived in West Virginia during his tenure as a trooper. Nothing in the pleadings indicates any connection to West Virginia other than the fact that Plaintiff now lives in the state**.** Venue is thus improper in this court.


## 3. Failure to State a Claim

Second, Plaintiff fails to state any claim that can be heard in this Court. Plaintiff alleges five counts in his Complaint. The first two counts allege discrimination and reprisal in violation of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Kentucky civil rights statutes ("KCRA"), Ky. Rev. Stat. § 344 *et seq. See* ¶¶ 7-15. The remaining three counts allege tort liability and punitive damages. ¶¶ 16-26.

*1. Federal Claims.*

Plaintiff's disparate treatment and reprisal claims arising under federal law must be dismissed because Plaintiff did not file the required pre-suit charge with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. 2000e *et seq. See, e.g.*, *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (" [A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the

claim."). Plaintiff has not put forth any evidence of proceeding in any way with his claim in front of the EEOC. The termination giving rise to this action took place in September 2009, so the 180 day deadline for starting such a proceeding passed long ago.[2] Plaintiff clearly misunderstands the requirement of administrative exhaustion, *see* Pl. Resp., ECF No. 7, at 2, but the requirement to proceed with an EEOC claim before filing a Title VII civil rights suit is clear. Plaintiff has no chance of pursuing administrative remedies at this late date and is thus completely barred from pursuing any Title VII claim..

   *2. State Law Claims.*

   The remainder of Plaintiff's claims, grounded in state statutory and common law, are barred by the Eleventh Amendment. The action names defendants Kentucky State Police and Commissioner of the KSP, Commissioner Brewer. As to the latter, there are no allegations that the Commissioner was acting outside the scope of his employment, and the Complaint is thus best construed as against Commissioner in his official capacity. As such, he is an agent of the KSP; the KSP is an executive agency of the State of Kentucky, and this action is unavailable against both Defendants because the Eleventh Amendment bars private actions against a state and its agencies. *See, e.g.*, *Wisc. Dept. of Corrections v. Schact*, 524 U.S. 381, 384 (1998); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ( per curiam) (holding suit against state agency barred by the Eleventh Amendment); *Carter v. Porter*, 617 F.Supp. 2d 514 (E.D. Ky. 2008) (applying Eleventh Amendment bar to suit to action against the Kentucky State Police).

---

   [2] The applicable statute, 42 U.S.C. § 2000e-5(e)(1)(e), provides: (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge [. . . ]".

-4-

Although states can consent to be sued, in this case, Kentucky has not done so, and has asserted Eleventh Amendment immunity in its filings.  *See* Defs.' Mot. to Dismiss, ECF No. 5, at 12.[3]  As to the Kentucky Civil Rights Act (KCRA) claims, Kentucky has waived its immunity in state courts for KCRA actions.  *See, e.g.*, *Dep't of Corrections v. Furr*, 23 S.W.3d 615, 618 (Ky. 2000); *Wilson v. Kentucky,* 2008 WL 4951774 (E.D. Ky., 2008) (unpublished).  However, a state must waive "by express language" its intention to waive Eleventh Amendment immunity in federal court, and Kentucky has not made an express waiver of its immunity as to KCRA claims brought in Federal court.  *Wilson*, 2008 WL 4951774 at *1 (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  Therefore, the KCRA claims may not proceed in this Court against the KSP.  As to the tort claims, Plaintiff cites no precedent for the proposition that Kentucky has explicitly waived its Eleventh Amendment immunity in general tort actions to allow suit in federal courts.  Therefore, all of Plaintiff's state law claims must be dismissed as barred by the Eleventh Amendment.

### 4.  Conclusion

Plaintiff has failed to comply with the basic procedures for pursuing an action in this Court, and demonstrated a complete lack of familiarity with the requirements of a civil rights action.  Plaintiff's Response did not meaningfully address any of the arguments for dismissal advanced by the Defendants.  For these reasons, and as set forth in this memorandum opinion, Defendants' Motion is **GRANTED** and this case is **DISMISSED with prejudice**.

---

[3]  Additionally, Congress may use the enforcement power granted in section 5 of the Fourteenth Amendment to abrogate Eleventh Amendment immunity against some federal causes of action.  *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).  Congress has done so for Title VII claims like those brought in Counts 1 and 2 of Plaintiff's Complaint, *see id.*, but those claims were extinguished by Plaintiff's failure to exhaust administrative remedies.  The remaining claims are subject to the Eleventh Amendment bar to litigation.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:          December 29, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE